J-S46043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JEROME GRAY, | : | |
| Appellant | : | No. 3590 EDA 2014 |

Appeal from the PCRA Order entered on December 2, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0009834-2008

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 17, 2015**

Jerome Gray ("Gray") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 22, 2009, following a jury trial, Gray was convicted of possession with intent to deliver a controlled substance.[1] On May 27, 2009, the trial court imposed the mandatory minimum sentence of seven to fourteen years in prison under 18 Pa.C.S.A. § 7508. This Court affirmed the judgment of sentence on June 7, 2010, and the Pennsylvania Supreme Court denied Gray's petition for allowance of appeal on March 1, 2011. **See Commonwealth v. Gray**, 4 A.3d 676 (Pa. Super. 2010) (unpublished memorandum), **appeal denied**, 17 A.3d 1251 (Pa. 2011).

---

[1] 35 P.S. § 780-113(a)(30).

Gray filed his first PCRA Petition on April 8, 2011, which the PCRA court dismissed on January 9, 2014. Gray did not file a Notice of Appeal. Gray filed the instant PCRA Petition on September 2, 2014. The PCRA court issued Pa.R.Crim.P. 907 Notice. Thereafter, the PCRA court dismissed the PCRA Petition on December 2, 2014, as untimely filed. Gray filed a timely Notice of Appeal.

On appeal, Gray raises the following questions for our review:

I. Is [Gray] entitled to a new sentencing hearing in view of the United States Supreme Court's decision in **Alleyne v. United States**[,] 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), holding Pennsylvania's mandatory minimum statute[,] 42 Pa.C.S.A. § 9712.1[,] is unconstitutional?

II. Is [Gray] entitled to a new sentencing hearing because [Gray's] mandatory sentences for drug convictions was not presented before a jury for consideration, or to make a determination on every element of a charged offense; thus, violating the constitutional principles held in **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)?

Brief for Appellant at 4 (capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date that the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence

becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 2093 (Pa. 2010).

Here, Gray's judgment of sentence became final on May 30, 2011, upon the expiration of the ninety-day period for filing a petition for certiorari to the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Gray had until May 30, 2012, to file a timely PCRA petition. Gray filed the instant Petition on September 2, 2014, which far exceeds the one-year timeliness requirement for filing a PCRA.

However, we may address an untimely PCRA Petition where the appellant pleads and proves one of three exceptions: (i) the failure to raise the claim was the result of government interference; (ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA

- 3 -

petition invoking one of these exceptions *must be filed within sixty days* of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, Gray directs our attention to the United States Supreme Court's decision in *Alleyne*, to invoke the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 7, 10. In *Alleyne*, the Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. Gray argues the trial court imposed a mandatory minimum sentence in violation of *Alleyne*. Brief for Appellant at 7, 9-10.[2]

Our review discloses that Gray's PCRA Petition invoking the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) was untimely. *Alleyne* was decided on June 17, 2013. Gray filed the instant PCRA Petition on September 2, 2014,[3] well over sixty days after the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-

---

[2] We note that Gray argues the trial court used 42 Pa.C.S.A. § 9712.1 to impose the mandatory minimum sentence. However, there is no indication in the record that the trial court sentenced Gray under this statute.

[3] Though Gray's first PCRA Petition was pending when *Alleyne* was decided, Gray did not file his second PCRA Petition within 60 days after the dismissal of the first PCRA Petition.

recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").[4]

Further, even if Gray had properly invoked the exception at 9545(b)(1)(iii), the rule established in **Alleyne** does not apply retroactively. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively where the judgment of sentence has become final); **see also id.** (stating that while **Alleyne** claims go to the legality of the sentence, courts cannot review a legality claim where it does not have jurisdiction). Accordingly, Gray failed to meet the requirements of the third timeliness exception. Thus, the PCRA court properly dismissed Gray's PCRA Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015

---

[4] Gray explains that he discovered **Alleyne** after reading about the case in an article. However, the timing for invoking an exception begins when the judicial decision came down. **See Boyd**, 923 A.2d at 517. Therefore, it is irrelevant when Gray learned about the case. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012).